PJR/tab                    Atty. No. 141                5574-24741

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISVISION

| | |
|---|---|
| CLAUDINE QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04 C 6581 |
| ) | Judge Ronald Guzman |
| MICHAEL PAULEY, THELMA A. CASAREZ, ) | |
| CAROL J. ZURISK, ELIZABETH A. BRADFORD) | |
| and unidentified Chicago Heights Police Officers ) | |
| ) | |
| Defendants ) | |

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES the defendant, MICHAEL PAULEY, by his attorneys, DOWD & DOWD, LTD., and pursuant to FRCP 50, moves this Court for entry of an order granting him judgment as a matter of law as to Count IV (malicious prosecution). In support thereof, the defendant states as follow:

**I.    INTRODUCTION**

In Count IV, Quinn attempts to assert a state law claim for malicious prosecution. Inasmuch as she is unable to establish two of the five requisite elements for that claim, Michael Pauley is entitled to judgment as a matter of law.

**II.    LEGAL STANDARD**

Judgment as a matter of law is proper only where there is no legally sufficient basis for a reasonable jury to find for the non-moving party. Zimmerman v. Chicago Board of Trade, 360 F.3d 612, 623 (7th Cir.2004). In considering a Rule 50(a) motion, the court is required to view the evidence in the light most favorable to a non-moving party and must all draw all reasonable

inferences in that party's favor. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51, 120 S.Ct. 2097. The court is not authorized to weigh evidence or make credibility determinations and may not substitute its view of the contested evidence for the jury's view. Zimmerman, 360 F.3d at 623.

## III.   SINCE PLAINTIFF'S ARREST WAS BASED ON PROBABLE CAUSE, HER MALICIOUS PROSECUTION CLAIM SHOULD BE DISMISSED.

Illinois precedent dictates that "malicious prosecution" is a disfavored cause of action under Illinois law. Ross v. Mauro Chevrolet, 369 Ill.App.3d 794, 861 N.E.2d 313, 319 (1st Dist.2006). Illinois does not favor suits for malicious prosecution due to the public policy interest in exposure of crime. Reynolds v. Menard, 365 Ill.App.3d 812, 850 N.E.2d 831, 837 (1st Dist.2006). Individuals acting in good faith who have probable cause to believe crimes have been committed should not be deterred from reporting them for fear of unfounded suits by those accused. Rodgers v. People's Gas, Light & Coke Company, 315 Ill.App.3d 340, 733 N.E.2d 835, 840 (1st Dist.2000).

To establish a claim of malicious prosecution, a plaintiff must plead and prove (1) the commencement or continuation of an original criminal or civil proceeding by defendant; (2) termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for the proceeding; (4) the presence of malice on defendant's part; and (5) damages resulting to Plaintiff. Ross, 861 N.E.2d at 319 (citing Reynolds, 850 N.E. 2d at 837). The Illinois courts have defined "probable cause" with respect to malicious prosecution involving criminal proceedings as "a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong position, that the person arrested committed the offense charged". Johnson v. Target Store, 341 Ill.App.3d 56, 791 N.E.2d 1206, 1219 (1st Dist.2003). There is no need to verify the veracity of each item of information obtained; one

need only act with reasonable prudence and caution when proceeding. Ross, 861 N.E.2d 320 (citing Johnson, 791 N.E.2d 1219). The existence of probable cause precludes the common law actions of false arrest and imprisonment and malicious prosecution. Taylor v. Bush, 2006 WL 862855 at *3 (N.D.Ill.March 30, 2006) (quoting Carlson v. Bell, 04 C 8201, 2005 WL 3116051 at *3 (N.D.Ill.Nov.22, 2005). In short, the failure to prove a lack of probable cause is fatal to a claim for malicious prosecution. Johnson, 791 N.E.2d 1219.

Here, this court has already determined that the plaintiff's arrest was based on probable cause. No evidence was introduced which shows that Michael Pauley was responsible for the continuation of the original complaints that he filed. Rather, the evidence has established otherwise. Additionally, affidavits obtained from witnesses Smith, Zurisk and Casarez show that Quinn attempted to remove a ballot from the polling place and also tore up the application for ballot (See affidavits of Zurisk, Smith and Casarez attached hereto as Exhibits A, B and C, respectively). Finally, this court has issued a memorandum and opinion order in which it specifically determined that the arrest of Claudine Quinn was based on probable cause and even if it were not based on probable cause, Lieutenant Pauley is entitled to the protections afforded by qualified immunity. These findings constitute the law of the case and thus, Lieutenant Pauley is entitled to judgment as a matter of law as to Count IV.

**IV. THE COURT'S FINDING THAT THE ARREST WAS BASED ON PROBABLE CAUSE AS WELL AS ITS FINDING THAT MICHAEL PAULEY IS ENTITLED TO QUALIFIED IMMUNITY PRECLUDES A FINDING OF MALICE AND THUS, COUNT IV SHOULD BE DISMISSED.**

As was shown above, the court has determined that Michael Pauley was entitled to qualified immunity with respect to the November 5, 2002 arrest of Claudine Quinn. This court has determined that "Pauley was told by a reasonably credible witness that Quinn was about to leave the polling place with a ballot" (See p.8 of the Court's Memorandum & Opinion Order

attached hereto as Exhibit D). The court has also determined that "Pauley's actions were justified because the undisputed facts show that he had probable cause to arrest Quinn" (See p.9 of Memorandum & Opinion Order, Exhibit D). In view of the court's findings, Plaintiff's malicious prosecution claim must fail. While the plaintiff argued that Pauley continued or pursued the charges after the arrest and did so with malice, she has offered no evidence to support that particular claim. In fact, she admitted under oath that Officer Pauley did not pursue the charges. Having determined that the arrests were based on probable cause, it is impossible for the plaintiff to show that the filing of the charges was based on malice. Likewise, a finding of qualified immunity would necessarily prevent a trier of facts from concluding that Lieutenant Pauley acted with malice or recklessness. The law of the case doctrine allows a decision on a matter of law by a competent court to bind the parties to that decision in future similar proceedings. Crigler v. Axia, 735 F.Supp. 868, 871 (N.D.Ill.2002). The memorandum and opinion order issued by this court constitutes the law of the case, and thus, the plaintiff is precluded from arguing that Plaintiff's arrest and prosecution were not based on probable cause and she is further precluded from claiming that the arrest and prosecution were necessarily based on malice.

### V. MICHAEL PAULEY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM.

Although punitive damages may be appropriate in some cases to punish a wrongdoer for his or her outrageous conduct and to deter others from engaging in similar conduct, such awards must be supported by the record and may not constitute merely a windfall to the prevailing party. Ramsey v. American Air Filter Company, Inc., 772 F.2d 1303, 1314 (7th Cir.1985). In State Farm Mutual Insurance Company v. Campbell, 538 U.S. 408, 419 (2003), the Supreme Court provided guidance as to under which circumstances a punitive damages award can be justified in

any amount. Specifically, the court explained that "it should be presumed that the plaintiff has been made whole for his injuries by compensatory damages so damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible so as to warrant the imposition of further sanctions to achieve punishment or deterrence. Id. citing BMW of North America, Inc., v. Gore, 517 U.S. 559, 575-77 (1986). Punitive damages may be awarded in a Section 1983 action only when the defendant exhibited "reckless or callous disregard, or indifference to, the rights or safety of others. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983). Punitive damages are never awarded as a matter of right. Rather, the trier of fact is called upon to make a "moral judgment" that the unlawful conduct warrants such an award to punish the wrongdoer and deter others. Merryweather v. Family Dollar Stores of Indiana, 103 F.3d 576, 52 (7th Cir.1996). Punitive damages are available in 1983 cases only upon a showing of "evil motive or intent" or reckless or callous indifference to the federally protected rights of others. Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625 (1983). Here, Quinn has failed to show that Lieutenant Pauley acted with callous indifference towards her and is likewise unable to show that he acted with an either evil motive or intent. Since Quinn is unable to establish the requisite elements of her punitive damage claim, Michael Pauley is entitled to judgment as a matter of law as to Plaintiffs.

WHEREFORE, Defendant, MICHAEL PAULEY, prays for entry of an order granting him judgment as a matter of law as to Count IV as well as Plaintiffs' claim for punitive damages.

DOWD & DOWD, LTD.

By: /s/ Patrick J. Ruberry
Attorneys for Defendant,
MICHAEL P. PAULEY

## CERTIFICATE OF SERVICE

    I, an attorney, state that the notice of filing Defendant's Motion for Judgment as a matter of law was served electronically to all law firms of record via ECF on December 13, 2007.

                                                           By:    /s/ Patrick J. Ruberry
                                                                               Attorney for Defendant,
                                                                               MICHAEL PAULEY

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL  60661
Tx:  312/704-4400
Fx:  312/704-4500